UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DHRUV MALIK,

    Petitioner,                               Case No. 07-12576

v.                                                       Hon. John Corbett O'Meara

ALBERTO GONZALES, *et al.*,

    Respondents.
_____/

**OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS**

Before the court is Petitioner Dhruv Malik's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed June 15, 2007. The government submitted a response to the petition on July 2, 2007. Petitioner filed a reply brief on July 9, 2007.

**BACKGROUND FACTS**

Petitioner is a citizen of India who has been in the United States since May 25, 1992. He has been a lawful permanent resident since September 9, 2002. On August 14, 2004, Petitioner was arrested and charged with conspiracy to transport an illegal alien within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(A)(v)(I). He remained in federal custody until October 26, 2004, when he was released on personal recognizance. He was then detained by Immigration and Customs Enforcement ("ICE"), which initiated removal proceedings. Petitioner was released from ICE custody on November 2, 2004, under a $5,000 bond.

On April 21, 2005, Petitioner was convicted, pursuant to a plea, of conspiracy to transport an illegal alien. The court sentenced him to time served and declined to order supervised release. Following his conviction, Petitioner was served with a superseding Notice to

Appear from ICE, including a charge of removability based upon his conviction of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii) (conviction for aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(N).

Following an initial hearing in immigration court on May 30, 2007, ICE took petitioner into custody pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c). Petitioner requested a bond determination hearing, which took place on June 12, 2007. At that time, Immigration Judge Elizabeth Hacker found that Petitioner was subject to mandatory detention under § 1226(c) because the crime for which he was convicted constituted an aggravated felony for purposes of the Immigration and Nationality Act ("INA"). Because the IJ found that Petitioner was subject to mandatory detention, she declined to conduct an individualized hearing regarding whether Petitioner presented a flight risk or a danger to the community.

Petitioner then filed his petition on June 15, 2007. Petitioner challenges the determination that he is an "aggravated felon" and thus subject to mandatory detention. Petitioner also challenges the IJ's finding that the mandatory detention provisions of the INA apply to an alien who was released from physical custody prior to his conviction for the underlying crime. Petitioner argues that he is entitled to individualized bond hearing to determine whether he presents a flight risk or a danger to the community.

## LAW AND ANALYSIS

The government opposes the petition on both procedural and substantive grounds. The government contends that the court should dismiss the petition because (1) the court lacks jurisdiction under the REAL ID Act of 2005; (2) Petitioner failed to exhaust his administrative remedies; (3) the IJ correctly determined that Petitioner is an aggravated felon subject to

mandatory detention; and (4) Petitioner is subject to mandatory detention because he has been "released" as required by 8 U.S.C. § 1226(e).

With respect to the jurisdictional issue, the government argues that the REAL ID Act of 2005 divested district courts of subject matter jurisdiction to review alien removal orders. See 8 U.S.C. § 1252(a)(5) (statute deprives district court of jurisdiction over habeas petitions challenging final administrative orders of removal; jurisdiction is with the appropriate court of appeals). As Petitioner points out, however, he is not challenging a final order of removal, but is challenging his continued detention pending removal proceedings. The Sixth Circuit has held that district courts retain jurisdiction over challenges to detention, rather than removal. Kellici v. Gonzalez, 472 F.3d 416, 419-20 (6th Cir. 2006). Accord Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005); Moallin v. Cangemi, 427 F. Supp. 2d 908, 919-20 (D. Minn. 2006). The court finds, therefore, that the REAL ID Act does not divest it of subject matter jurisdiction to consider the petition.

The government also argues that the petition should be dismissed because Petitioner has not exhausted his administrative remedies. Petitioner has not appealed to the Board of Immigration Appeals the IJ's decision that he falls within the mandatory detention provisions of § 1226(c). Rather, Petitioner asserts that he is not required to exhaust his administrative remedies because an appeal to the BIA would be futile. See McCarthy v. Madigan, 503 U.S. 140, 145 (1992). In McCarthy, the Supreme Court stated that "[t]his Court has long acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts. Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." Id. (citations

omitted). The McCarthy court described three general exceptions to this rule, including circumstances under which the administrative remedy is inadequate because "the administrative body is shown to be biased or has otherwise predetermined the issue before it." Id. at 148.[1]

Petitioner asserts that an appeal on the issue of his mandatory detention would be futile because the BIA has "predetermined" the issue. Petitioner challenges whether his conviction for conspiracy to transport an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) constitutes an "aggravated felony" and subjects him to mandatory detention. As Petitioner notes, the BIA has already determined that a violation of 8 U.S.C. § 1324(a)(1)(A)(ii) is an "aggravated felony" under the INA. See In re Ruiz-Romero, 22 I&N Dec. 486 (BIA 1999).

The court is not persuaded, however, that requiring Petitioner to exhaust his administrative remedies would be futile. Petitioner argues that Ruiz-Romero is not controlling or was incorrectly decided in light of the Supreme Court's recent decisions in Leocal v. Ashcroft, 543 U.S. 1 (2004) and Lopez v. Gonzales, 127 S.Ct. 625 (2006). Although neither Leocal nor Lopez involve the precise issue in Ruiz-Romero, Petitioner contends that the method of statutory construction used by the Supreme Court in those cases mandates a different result. Petitioner does not claim that this argument has already been presented to the BIA and has been rejected. The court finds that the purposes of protecting administrative agency authority and promoting judicial efficiency would be served by requiring Petitioner to present his arguments to the BIA in the first instance.

---

[1] Exhaustion may also be excused, in the court's discretion, where (1) requiring exhaustion causes prejudice, due to unreasonable delay or an "indefinite time frame for administrative action"; or (2) the agency lacks the ability to resolve the issue or grant the relief requested. McCarthy, 503 U.S. at 146-48.

Accordingly, IT IS HEREBY ORDERED that Petitioner's June 15, 2007 petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

s/John Corbett O'Meara  
United States District Judge

Dated: August 2, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 2, 2007, by electronic and/or ordinary mail.

sWilliam Barkholz  
Case Manager